UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60194-CR-SELTZER/COHN

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN VELEZ, et. al,

Defendants
_____/

**DEFENDANT, JOHN VELEZ'S, MOTION IN LIMINE**

The Defendant in the above-styled and numbered cause, JOHN VELEZ, files this Motion in Limine to restrict the testimony of Tara Lynn Velez in the above-referenced cause and in support of this Motion, JOHN VELEZ would show the Court as follows:

1. The Government has indicated that they will be calling Tara Lynn Velez to testify against her ex-husband and Defendant, JOHN VELEZ, in the above-styled matter. They have made reference that they intend on calling her to testify in their case in chief. At the time of the alleged conspiracy, JOHN VELEZ was married to Tara Velez, and they formally divorced in 2007. The Government has made reference that Tara Velez will be testifying to confidential communications between husband and wife.

2. Although the Government asserts that they do not know what she may testify in detail, the Government has stated that they feel the rule is not applicable to her testimony. The undersigned has not received any Jencks material on Ms. Velez and, as such, the undersigned is unable to address the nature of her testimony.

3.      The Government asserts that her testimony will be that she conducted all of the alleged acts relative to execution of the documents at the express direction of her husband, JOHN VELEZ.  Although that is not the undersigned's understanding of the actions or inactions that took place, based upon the facts and Florida law, such testimony should be found to be inadmissible.

## LEGAL ARGUMENT

Generally, spousal communications or marital communications are privileged and inadmissible.  *Trammel v. U.S.*, 445 U.S. 40 (1980).  In Trammel, the Court held that "the existing rule should be modified so that the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying. This modification-vesting the privilege in the witness-spouse-furthers the important public interest in marital harmony without unduly burdening legitimate law enforcement needs."  *Id.* at 53.

*See also In the Matter of Grand Jury, Appeal of Witness Malfitano*, 633 F. 2d 276 (U.S. 3d Cir. 1980) (holding that a witness called to testify before grand jury and to give information which would implicate her husband was entitled to claim the privilege against adverse spousal testimony, even though she was allegedly involved in the criminal acts of her husband).

The Defendant is a non-testifying Defendant and under the law he may assert the privilege to prevent his former wife, with whom he was married during the alleged criminal activities and with whom he continues to co-parent with in raising their children, from testifying adversely against him.  *See U.S. v. Hicks*, 420 F. Supp. 533 (U.S.D.C. N.D. Texas 1976) (holding that where only one spouse is a defendant in a criminal action,

but prosecution seeks to call the other spouse as a witness, the federal rule is that either the defendant spouse or the witness spouse may claim the marital privilege to prevent the witness spouse from testifying altogether).  Another inherent problem is that it is unknown what she is or is not going to testify to and whether such alleged actions or communications were in furtherance of an alleged conspiracy involving criminal activity.

Furthermore, in *U.S. v. Westmoreland*, 312 F. 3d 302 U.S. 7th Cir. 2002), defendant was convicted of causing death of person through use of firearm during drug-trafficking crime, use of interstate commerce facilities to commit murder for hire, conspiracy to commit murder for hire, tampering with witness by committing murder, and causing death of witness through use of firearm. The defendant appealed and the Court of Appeals held that the defendant's statement to his wife that he had supplied coconspirator with telephone number of hit man came within marital communications privilege.  The Court cited to *U.S. v. Estes*, 793 F.2d 465, 466 (2d Cir. 1986), and noted that where the defendant spouse had informed his wife that he had participated in criminal activity, that statement was not made in the course of ongoing joint criminal conduct because until that communication was made to her, reasoned the court, the defendant's wife did not know that an illegal act had taken place.

In the instant case, the Defendant's spouse at the time of the alleged communications, Ms. Tara Valez, has not been charged in this matter and, therefore, it may not be proper at this stage to view her as a co-conspirator.  Assuming arguendo that the Court finds that Ms. Valez need not be indicted to testify against her spouse at the time, the Defendant argues that the witness, Ms. Valez, may not testify as to marital communications because there is no evidence that she became knowingly involved in the

alleged criminal activity and that such communications were made in the course of the alleged on-gong criminal activity. Either way, such communications are privileged and this Court should prohibit Ms. Valez from testifying against the Defendant.

The State has filed a Motion seeking to admit Ms. Valez's testimony and, as such, the parties are not in agreement as to this issue.

WHEREFORE, the Defendant respectfully requests that his former spouse, Ms. Tara Valez, be prohibited from testifying against him and that this Court grant any further relief deemed necessary and proper.

                              Respectfully Submitted,

                              s/Bradford M. Cohen.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60194-CR-SELTZER/COHN

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 27th day of March 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA versus GUARACINO, ET AL.**
**CASE NO. 10-60194-CR-SELTZER/COHN**

**SERVICE LIST**

Laurie E. Rucoba
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255X3613
356-7336 (fax)
laurie.rucoba@usdoj.gov
Attorney for Plaintiff

Jared M. Strauss
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
(305) 961-9062
jared.strauss@usdoj.gov
Attorney for Plaintiff

Michael Patrick Sullivan
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9274
536-4675 (fax)
pat.sullivan@usdoj.gov
Attorney for Plaintiff

Jeffrey Howard Kay
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255X3593
356-7230 (fax)
jeffrey.kay@usdoj.gov
Attorney for Plaintiff

Erin Michelle Bengele
Nicholson Law Group
200 S. Andrews Ave., Suite 100
Fort Lauderdale, FL 33301
954-351-7474
ErinBengele@NicholsonLawGroup.com
Attorney for Steven Stoll

Roger De Jesus Cabrera
Dray Cabrera & Zacca LLP
Monarch Professional Centre
12781 Miramar Parkway
Unit 303
Miramar, FL 33027
954-450-4848
954-450-4204 (fax)
rogercabrera@dczlaw.com
Attorney for Casey Mittauer

Bradford M. Cohen
Bradford Cohen Law
1132 SE 3 Avenue
Fort Lauderdale, FL 33316
954-523-7774
523-2656 (fax)
lawronin@aol.com
Attorney for John Velez

Robert F. Cooke
The Cooke Law Group, LLLP
8925 S.W. 148th Street
Suite 100
Palmetto Bay, FL 33176
305-259-8054
259-7148 (fax)
rfc@rfc-law.com

Michael E. Dutko
Bogenschutz, Dutko & Kroll, P.A.
600 South Andrews Avenue
Suite 500
Fort Lauderdale, FL 33301
954-764-2500
954-764-5040 (fax)
medtko@aol.com
Attorney for Daryl Radziwon

Martin Alan Feigenbaum
Martin A. Feigenbaum
P.O. Box 545960
9553 Harding Avenue
Suite 301
Surfside, FL 33154
305-866-8334
305-866-8335 (fax)
Miamivicelaw@aol.com
Attorney for Stephen Orchard

Alejandro M. Garcia
Toral & Associates
3107 Stirling Road
Suite 208
Fort Lauderdale, FL 33312
954-455-4220
455-6590 (fax)
agarcia@torallaw.com
Representing Veronica Bergeron

Steven David Ginsburg
Yoss LLP
2525 Ponce de Leon Blvd.
Suite 400
Miami, Fl 33134-6012
305-460-1000
305-460-1422 (fax)
sdg@adorno.com
Representing Flagstar Bank

Martin B. Goldberg
Lash & Goldberg
100 SE 2nd Street
Suite 1200
Miami, FL 33131-2100
305-347-4040
347-4050 (fax)

mgoldberg@lashgoldberg.com
Representing Homecomings Financial
Network, Inc.

Howard Leslie Greitzer
Lyons & Sanders
1301 E Broward Boulevard
Suite 220
Fort Lauderdale, FL 33301
954-467-8700
763-4856 (fax)
hgreitzer@lyonssanders.com
Attorney for Matthew Gulla

Alan Randall Haas
633 Southeast 3rd Avenue
Suite 4-F
Fort Lauderdale, FL 33301
954-763-9211
954-463-1245 (fax)
arandallhaas@yahoo.com
Attorney for Jacqueline Trumbore

Fred Haddad
Fred Haddad
1 Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394
954-467-6767
467-3599 (fax)
Dee@FredHaddadLaw.com
Attorney for Rene Rodriguez, Jr.

Steven Hunter Kassner
Steven H. Kassner
4000 Ponce de Leon
Suite 470
Coral Gables, FL 33146
305-740-5405
278-7795 (fax)
kassners@bellsouth.net
Attorney for Joseph Derosa

Jordan M. Lewin
Downtown Legal Center
46 NE 6th Street
Suite 104

Miami, FL 33132
305-577-8525
441-1423 (fax)
Lewinlaw@gmail.com
Attorney for Dennis Guaracino, Jr.

Anthony M. Livoti, Jr.
721 NE 3rd Avenue
Fort Lauderdale, FL 33304
954-463-3777
463-3792 (fax)
amlpa@bellsouth.net
Attorney for Joseph Lagrasta

David William Macey
David W Macey PA
2699 S Bayshore Drive
7th Floor
Coconut Grove, FL 33133
305-860-2562
675-5841 (fax)
dm@davidmacey.com
Attorney for Joseph Derosa

Robert N. Nicholson
Nicholson Law Group
200 S Andrews Avenue
Suite 100
Fort Lauderdale, FL 33301
954-351-7474
954-351-7475 (fax)
rnicholson@nicholsonlawgroup.com
Attorney for Steven Stoll
Michael S. Pasano

Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101
305-530-0050
305-530-0055 (fax)
mpasano@carltonfields.com
Attorney for Steven Stoll

Steven Michael Potolsky
Steven M. Potolsky
100 SE 2nd Street
Suite 3550

Miami, FL 33131
305-530-8090
358-5917 (fax)
stevepo@bellsouth.net
Attorney for Robert Depriest

Michael Dennis Walsh
Attorney at Law
46 NE 6th Street
Miami, FL 33132
305-444-7700
441-1423 (fax)
mdwalsh@bellsouth.net
Attorney for Joseph Guaracino

Jayne Claire Weintraub
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
305-374-1818
305.379.0069 (fax)
jweintraub@saleweintraub.com
Attorney for Robert Depriest

Deric Zacca
Cabrera & Zacca, LLP
Monarch Professional Centre
12781 Miramar Parkway
Suite 303
Miramar, FL 33027-2908
954-450-4848
954-450-4204 (fax)
dericzacca@dczlaw.com
Attorney for Casey Mittauer

Bruce Alan Zimet
1 Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394
954-764-7081
760-4421 (fax)
BAZimetlaw@aol.com