UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,
        Plaintiff,

v.

JOHN VELEZ, et. al.
        Defendant.
_____/

### DEFENDANT'S MOTION FOR BOND PENDING APPEAL

       The Defendant, JOHN VELEZ, by and through undersigned counsel and pursuant to 18 U.S.C. § 3143(b), respectfully moves this court to grant him a bond pending appeal in the above styled cause. In support thereof, the defendant states as follows:

1. 18 U.S.C. § 3143(b) provides that a person sentenced to imprisonment pending appeal shall be ordered detained unless he is able to demonstrate by clear and convincing evidence that (1) he is not likely to flee or pose a danger to the safety of any other person or the community and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

2. As a threshold matter, the defendant draws this court's attention to the fact that he has not been a flight risk over the lengthy course of the investigation, indictment, and prosecution of this case. Indeed, the defendant has been present in court at all relevant times. The defendant's wife and child are situated locally as are extended family and friends.

1

      Moreover, the defendant does not pose a risk to the community or safety of others. To the contrary, the defendant spent many years ensuring the safety of the community and others at great personal risk to himself when he served as a police officer.

3. We next turn to the statute's requirement that the appeal of the defendant's conviction and sentence present a "substantial question of law or fact" likely to result in reversal. The Eleventh Circuit has determined that a "substantial question" is one which is "novel," "has not been decided by controlling precedent," or "is fairly doubtful." United States v. Giancola, 754 F.2d 898, 91 (11th Cir. 1985)(*citing* United States v. Miller, 753 F.2d 19, 23 (3rd Cir. 1985)). A "substantial question," is ultimately one that is "close" or that could "very well be decided the other way." Giancola at 901, United States v. Bayko, 774 F.2d 516 (1st Cir. 1985), United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991). Consequently, a district judge is *not* required to make a finding that he is likely to be reversed or that he should grant a new trial in making this determination.

4. In the instant case, the defendant has filed a Motion for New Trial outlining several appellate questions which are "close" and could be "very well decided the other way." While this court denied the motion, this has no bearing on the potential strength of these issues on appeal.

5. First, the defendant claims that the evidence presented at trial was insufficient to support his conviction. DE ___ at 9. Because the defendant was charged with fraud, the central question at trial revolved around the defendant's intent. This was a question which was hardly clear as cooperating witnesses for the government admitted that they had been exercising pervasive fraud in the defendants'' applications. Velez and the other defendants claimed that they had no knowledge that the cooperating co-defendants had engaged in

fairly sophisticated fraudulent practices.

Moreover, in obtaining Velez' conviction, the government posited that Velez was working closely with co-defendant and alleged ringleader Joseph Guaracino. Indeed, the government often drew the jury's attention to the close relationship between the two men. Presumably, this was done to suggest that because Velez was close to Guaracino, he shared in Guaracino's guilty knowledge. Recently, in a separate five month long jury trial, the government was unable to obtain a verdict of guilt against Joseph Guaracino. This fact lends credence to the meritorious quality of Velez' appellate issues in this regard. Several other appellate issues are well documented in Velez' Motion for New Trial and present substantial questions which are "close" for purposes of appellate disposition. Velez would refer this court back to his Motion for New Trial as to those issues rather than reiterate his position here.

5. Finally, if the appellate court were to agree with Velez' position that the evidence against him was insufficient to support the verdict in his case; such a finding would certainly warrant a reversal. Similarly, the remaining evidentiary claims raised by Velez in his Motion for New Trial present "close" questions that if decided in Velez' favor on appeal would warrant a reversal; if not individually, then pursuant to the cumulative error doctrine.

## **CONCLUSION**

This court should grant the defendant a bond pending appeal as he meets the requirements of 18 U.S.C. § 3143(b), and such a bond satisfies the interests of justice in this matter.

Respectfully Submitted,

/s/    Michelle R. Walsh
Fla. Bar No. 0185760
Law Offices of Michelle Walsh, P.A.
2100 Coral Way; Suite 300
Miami, Florida 33145
Telephone:    (786) 600-6500
Facsimile:     (786) 693-8746
Email:          washm@bellsouth.net


/s/    Bradford M. Cohen
Fla. Bar No. 118176
Bradford Cohen Law
1132 SE 3 Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656
Email: lawronin@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,
        Plaintiff,

v.

JOHN VELEZ, et. al.
        Defendant.
                             /

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following counsel of record or pro se parties identified in the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 21st day of September, 2011.

                                                          /s/ Bradford M. Cohen

**SERVICE LIST**
**UNITED STATES OF AMERICA versus JOHN VELEZ**
**CASE NO:    10-60194-CR-COHN/SELTZER**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Jeffrey Howard Kay, Esquire
Laurie E. Rucoba, Esquire
Assistants United States Attorney
U.S Attorney's Office
500 E Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
jeffrey.kay@usdoj.gov, helena.pantaleo@usdoj.gov,
laurie.rucoba@usdoj.gov,usafls-brdkt@usdoj.gov,
vicki.fallick@usdoj.gov

Michael Patrick Sullivan
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Telephone: 305-961-9274
Facsimile: 305-536-4675
Pat.sullivan@usdoj.gov

Fred Haddad, Esquire
Attorney for Rene Rodriguez, Jr.
1 Financial Plaza, Suite 2612
Fort Lauderdale. FL 33394
Telephone: 954-467-6767
Facsimile: 954-467-3599
dee@fredHaddadLaw.com, nolefan10@aol.com

Michael E. Dutko
Attorney for Daryl Radziwon
Bogenschutz, Dutjo & Kroll, P.A
600 S Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-764-2500
Facsimile: 954-764-5040
medtko@aol.com

Steven Hunter Kassner, Esq.
Attorney for Joseph Derosa
4000 Ponce de Leon, Suite 470
Coral Gables, FL 33146
Telephone: 305-740-5405
Facsimile: 305-278-7795
kassners@bellsouth.net

Robert N. Nicholson
Attorney for Steven Stoll
Nicholson Law Group, P.A
200 S Andrews Avenue, Suite 100
Fort Lauderdale, FL 33301
Telephone: 954-351-7474
Facsimile: 954-351-7475
rnicholson@nicholsonlawgroup.com, paralegal@nicholsonlawgroup.com

Michael Dennis Walsh
Attorney for Joseph Guaracino
46 NE 6th Street
Miami, FL 33132
Telephone: 305-444-7700
Facsimile: 305-441-1423
mdwalsh@bellsouth.net

Jayne Claire Weintraub
Attorney for Robert Depriest
Sale & Weintraub P.A
200 S Biscayne Boulevard, Suite 4300
Miami, FL 33131
Telephone: 305-374-1818
Facsimile: 305-379-0069
jweintraub@saleweintraub.com,gpacheco@saleweintraub.com

Deric Zacca
Attorney for Case Mittauer
Cabrera & Zacca LLP
12781 Miramar Parkway, Suite 303
Miramar, FL 33027
Telephone: 954-450-4848
Facsimile: 954-450-4204
dericzacca@dczlaw.com, cheilamolano@dczlaw.com