UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

JOHN VELEZ,

    Defendant.
_____/

### ORDER DENYING VELEZ'S RULE 60(b) MOTION TO DISMISS CHARGES FOR VIOLATION OF THE FOREIGN SOVEREIGN IMMUNITIES ACT

**THIS CAUSE** is before the Court on Defendant John Velez's Rule 60(b) Motion to Dismiss Charges for Violation of the Foreign Sovereign Immunities Act [DE 1707]. The Court has considered the motion, the Government's response [DE 1708], and is otherwise advised in the premises.[1]

Mr. Velez requests a dismissal of the Judgment in this case pursuant to Federal Rule of Civil Procedure 60(b). He complains that the Court never addressed the issues in his Motion to Dismiss Judgment for Violation of the Foreign Sovereign Immunities Act of 1967 [DE 1696], and instead merely stated that it did not have jurisdiction.

As an initial matter, Mr. Velez's request for relief under the Federal Rules of Civil Procedure must be denied because this is a federal criminal case. The Federal Rules of Civil Procedure apply only to civil cases, not criminal cases. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (affirming district court's denial of defendant's Rule 60 motion challenging his sentence under § 3582(c)(2)); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (affirming district court's denial

---

[1] Mr. Velez has not filed a reply, and the time for doing so has passed.

of defendant's Rule 60 motion to set aside a criminal forfeiture imposed as part of his sentence). "[I]t is well-established that the Federal Rules of Civil Procedure do not provide for relief from judgment in a criminal case." United States v. Potts, 329 Fed. App'x 853, 853 (11th Cir. 2008) (citing Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . ").

Regardless, as noted in the Order Denying Mr. Velez's Motion, "Since Mr. Velez has filed a notice of appeal, this Court lacks jurisdiction to adjudicate his motion." Order Denying the Motion to Dismiss [DE 1700] at 1. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Therefore, it is

**ORDERED AND ADJUDGED** that Defendant John Velez's Rule 60(b) Motion to Dismiss Charges for Violation of the Foreign Sovereign Immunities Act [DE 1707] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of May, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular CM/ECF mail